## CIRCUIT COURT OF FAIRFAX COUNTY

Medical Staffing Associates, Inc.

v.

Eileen Jeanne Bentley et al.

June 9, 1994

Case No. (Chancery) 133617

By Judge Robert W. Wooldridge, Jr.

This matter comes on the plaintiff's motion for this Court to deem admitted certain requests for admission propounded to the defendants. At the hearing of this matter on June 3, 1994, the Court ruled that defendant Richard Bentley's responses to the requests for admission sufficiently complied with Rule 4:11. The Court recognized and allowed defendant Eileen Bentley's Fifth Amendment claim of privilege against self-incrimination, and took under advisement plaintiff's request that the plea of the Fifth Amendment be considered a non-responsive answer to the requests for admission and that the requests for admission therefore be deemed admitted. The Court now denies that request by the plaintiff.

Section 8.01-401(B) of the Code of Virginia provides:

> If any party, required by another to testify on his behalf, refuses to testify, the court, officer, or person before whom the proceeding is pending, may, in addition to punishing said party as for contempt, dismiss the action, or other proceeding or may strike out and disregard the plea, answer, or other defense of such party, or any part thereof, as justice may require.

This Court looks for guidance to *Davis v. Davis*, 233 Va. 452 (1987). In that case the Supreme Court of Virginia assumed (without deciding) that invocation of the Fifth Amendment privilege of self-incrimination constituted a refusal to testify under § 8.01-401(B). In *Davis*, Mrs. Davis brought a claim against Mr. Davis, who filed a counter-claim and a cross-bill in a related chancery suit. At trial on Mrs. Davis' claim, Mr. Davis

refused to answer questions based on the privilege against self-incrimination. After awarding judgment in favor of Mrs. Davis, the Court considered Mr. Davis' counter-claim (and the consolidated chancery cross-bill) and struck those claims because of Mr. Davis' refusal to testify. The Supreme Court reversed the trial Court's striking of Mr. Davis' claims. Discussing the "sword and shield" doctrine, the Supreme Court noted that "historically the privilege against self-incrimination was intended solely as a shield. The rule thus provides that a moving party cannot use it as a sword to sabotage any attempt by the other party, either during pretrial discovery or at trial, to obtain information relevant to the cause of action alleged [by the party invoking the privilege], and relevant to possible defenses to the claim. [Citation omitted.] In other words, the moving party 'in a civil action who exercises his privilege against self-incrimination to refuse to answer questions pertinent to the issues involved will have *his complaint* dismissed upon timely motion.' [Citation omitted.] The idea is that it will be unjust to permit parties to use the courts to seek *affirmative relief* while at the same time deflecting relevant questions, the answers to which may constitute a defense to the claims asserted." *Davis*, 234 Va. at 457 (emphasis added).

The remedies are available under § 8.01-401(B) when the party who is exercising the privilege against self-incrimination by refusing to answer questions pertinent to the issues involved is also seeking affirmative relief and is frustrating attempts by the other parties to obtain information relevant to the cause of action he alleges and to possible defenses to the claim. In the instant claim, Eileen Bentley relies upon the privilege against self-incrimination but makes no affirmative claim against which the plaintiff must defend. To deem plaintiff's request for admissions as admitted would destroy the privilege against self-incrimination when it is not being used as anything other than a shield.

Apart from § 8.01-401(B), Rule 4:11(a) provides that "[i]f the court determines that an answer does not comply with the requirements of this Rule, it may order either that the matter is admitted or that an amended answer be served." The Court declines to do so because deeming the requests admitted would similarly destroy the privilege.